IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LG ELECTRONICS INC. AND<br>LG ELECTRONICS ALABAMA, INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE PARTNERSHIPS AND<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED IN SCHEDULE A,<br><br>*Defendants*. | Case No. 1:21-cv-2600<br><br>Judge: Mary M. Rowland<br><br>Magistrate Judge: Heather K. McShain |

## PRELIMINARY INJUNCTION ORDER

THIS CAUSE being before the Court on Plaintiffs LG Electronics Inc. and LG Electronics Alabama, Inc. ("Plaintiffs") Motion for Entry of a Preliminary Injunction, and this Court having heard the evidence before it hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction in its entirety against the Defendants identified on Schedule A[1] to the Complaint (collectively, the "Defendants").

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defendants since the Defendants directly target their infringing activities towards consumers in the State of Illinois by offering shipping to the United States, including this District, accepting payment in U.S. dollars, and distributing, promoting use of, marketing, selling, and/or offering for sale the products identified in Schedule A to Illinois residents, including in this District. Specifically, the Defendants are committing tortious infringing acts in Illinois, engaging in interstate commerce to transact business in Illinois, and in fact, has caused Plaintiffs substantial injury in the State of Illinois by marketing,

---

[1] Attached to this Order.

1

selling, and delivering products that infringe U.S. Patent No. 10,653,984 ("the '984 Patent") in the Northern District of Illinois.

| Patent Number | Claim | Issue Date |
|---|---|---|
| US 10,653,984 B2 | 1. A filter assembly, comprising:<br>a filter member;<br>a housing body having an accommodating space formed therein to accommodate at least a portion of the filter member;<br>a housing cap coupled to an upper portion of the housing body, the housing cap comprising an upper side and a lower side,<br>wherein a diameter of the upper side is smaller than a diameter of the lower side, and a channel formed through the upper side and the lower side;<br>a coupling projection projecting outwardly from an outer surface of the housing cap;<br>an upper supporter accommodated in the channel, the upper supporter having a first filter inlet flow path to allow water to flow into the filter member; and<br>a first connecting portion recessed inwardly from an inner circumferential surface of an upper end of the upper supporter, and<br>a pair of projecting portions disposed symmetrically and extending from the first connecting portion. | May 19, 2020 |

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiffs' previously granted Motion for Entry of a Temporary Restraining Order establishes that LG Electronics Inc. and LG Electronics Alabama, Inc. have demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiffs will suffer irreparable harm if the injunction is not granted. Specifically, Plaintiffs have proved that LG Electronics Inc. and LG Electronics Alabama, Inc. are the lawful assignees of all right, title and interest in and to the `984 patent and that the Defendants make, use, offer for sale,

sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly at least claim one of the `984 patent. Furthermore, Defendants' continued and unauthorized use of the `984 patent irreparably harms Plaintiffs through loss of customers' goodwill, reputational harm, and Plaintiffs' ability to exploit the `984 patent. Monetary damages fail to address such damage and, therefore, Plaintiffs have an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to protect the public from possible health issues and injuries associated with using low quality water filters created by Defendants' actions. As such, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be preliminarily enjoined and restrained from:

    a. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any of the products identified in Schedule A, or mere colorable variations thereof (the "Accused Products") not authorized by Plaintiffs;

    b. further infringing upon any claim of the '984 Patent or aiding, abetting, inducing, contributing to, or assisting anyone in infringing upon any claim of the '984 Patent;

    c. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, the Accused Products or mere colorable variations thereof; and,

    d. effecting assignments or transfers, forming new entities or associations, or utilizing any other device with the effect of circumventing or otherwise avoiding the prohibitions set forth in items (a) through (c) of this paragraph.

2. Amazon.com shall within three (3) business days of receipt of this Order, disable and cease displaying any advertisements or seller listing pages used by or associated with Defendants in connection with the sale of the Accused Products or mere colorable variations thereof.

3. Amazon.com shall within three (3) business days of receipt of this Order or prior to expiration of this Order, whichever date shall occur first, make Defendants' Seller ID(s) untransferable until further ordered by this Court.

4. Amazon.com shall within five (5) business days after receipt of such notice, provide to Plaintiffs expedited discovery relevant to the Accused Products, including copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information (including e-mail addresses);

   b. the nature of Defendants' operations and all associated sales and financial information on Amazon.com, including, without limitation, identifying information associated with Defendants' financial accounts on Amazon.com, including Defendants' sales and listing history related to their respective marketplace storefronts on Amazon.com;

   c. any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors, or other financial institutions, including, without limitation, PayPal or other merchant

   account providers, payment providers, third party processors, and credit card associations (including MasterCard and VISA).

5. Any financial service providers for any Defendant shall, within two (2) business days of receipt of this Order:

    a. locate all accounts and funds connected to and related to Defendants and the Defendants' Amazon marketplace storefronts related to the Accused Products including, but not limited to, any PayPal accounts connected to or related to Defendants; and

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6. Amazon.com and their related companies and affiliates shall, within two (2) business days of receiving this Order, identify and restrain all funds attributable to the Accused Products, not just ongoing account activity, in or that hereafter are transmitted into the Amazon accounts related to Defendants' Accused Products, as well as all funds in or that are transmitted into (i) any other accounts of the same customer(s), (ii) any other accounts that transfer funds into the same financial institution account(s) and/or any of the other Amazon accounts subject to this Order, and (iii) any other Amazon.com accounts tied to or used by any of Defendants. Amazon.com shall further provide Plaintiffs' counsel with all data that (i) identifies the financial account(s) related to the restrained funds and (ii) details the account transactions related to all funds transmitted into the financial account(s) that have been restrained. Such restraint of the funds and disclosure of related financial institution account information shall be made without notice to the account owners until after those accounts have been restrained. No funds restrained by this Order shall be transferred or surrendered by

Amazon.com for any purpose (other than pursuant to a chargeback made pursuant to Amazon.com's security interest in the funds) without the express authorization of this Court.

7. Any banks, saving and loan associations, payment processors, or other financial institutions for Defendants shall within two (2) business days of receiving this Order:

    a. locate all accounts and funds connected to Defendants and attributable to the Accused Products; and

    b. restrain and enjoin such accounts from receiving, transferring, or disposing of any money or other of Defendants' assets until further ordered by this Court.

8. Plaintiffs are authorized to issue expedited written discovery, pursuant to the Federal Rules of Civil Procedure 33, 34 and 36, related to:

    a. the identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses; and

    b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Amazon.com and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to Amazon.com.

    c. Plaintiffs are authorized to issue any such expedited discovery requests via e-mail.

    d. Defendants shall respond to any such discovery requests within three (3) business days of being served via e-mail.

9. Plaintiffs may provide notice of these proceedings to Defendant, including service of process pursuant to Federal Rules of Civil Procedure 4(f)(3), by sending an e-mail with an attachment to any e-mail addresses provided for Defendants by third parties and/or to any e-mail addresses provided for Defendants by Amazon.com, and upon Plaintiffs via their counsel representing Plaintiffs in the present case. The notice via e-mail and attachment shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and Northern District of Illinois Local Rules.

IT IS SO ORDERED

DATED: June 15, 2021

*Mary M Rowland*

## SCHEDULE A

|    | MERCHANT NAME | MERCHANT SELLER ID | ASIN |
|----|---------------|--------------------|------|
| 1. | GLACIERFRESH | A1ARFBW0S0OH83 | B07JM9TTTT<br>B07XY63ZDS<br>B08Q4691BN |
| 2. | PUREPLUS | A20NGFRM6WQ2AB | B0776Q45SZ<br>B01MRUOEVP<br>B07L6BLHJB<br>B0899VQMTB<br>B0899TX1T3<br>B07Q34QCTJ<br>B087LRLJ8Z |
| 3. | ICEPURE Store | AMTCKVAG57GUA | B07QFR6J5J<br>B07QHWWYR9<br>B08G84ZYLN<br>B07L8GFMSP<br>B07QHWSX4M<br>B08M3K4QCP<br>B08G8P89VR<br>B08R8XJ7SP<br>B08R8XBRBJ |
| 4. | WaterdropDirect | A1G97TP4EUQK6R | B07H9LHMR2<br>B07GFKXW8H<br>B07GDPSXB3<br>B07KF1P138<br>B07GDP8MXD |
| 5. | Pureza Filters | A3BLZ2EJBZ054L | B07XBYN74H<br>B07GDLC9GB<br>B07R6ZK56D<br>B07JX73FVM<br>B07QGS3BLC |
| 6. | Healthy Home~ | A4KR1WA4HS255 | B07L5JPHXY<br>B01M2Y85UQ<br>B01MDPA2ZF<br>B08D3GJCS5<br>B08D2ZDHJ6 |
| 7. | Uniwell Filter | A3N9MMB3BM7546 | B08FSR49RR |
| 8. | Aqualink | AS6IO93YWV5N3 | B08DTX9CWC<br>B08DTV4BBN |

|     | **MERCHANT NAME** | **MERCHANT SELLER ID** | **ASIN** |
|-----|-------------------|------------------------|----------|
|     |                   |                        | B08DTPHZ38 |
| 9.  | BEST BELVITA      | A1T2WIV9YC63KF         | B07R14HT3M |
| 10. | Express Parts !!! | A3P4P1ONP5B89H         | B07QB6VRJ1<br>B07T219XQG<br>B07R5PHY3X |
| 11. | kozero filter     | A2PJ07ZJUCGNQ2         | B086MB3HK1<br>B086MPY87M |
| 12. | Water Purity Expert | A2RRTTUD178BVC       | B08C4M6YPT<br>B07GXFR1V7<br>B08C53RMRG<br>B07GYLKR46<br>B07FYDT939<br>B08BF9RM2H |
| 13. | ICE water filter  | A3CSW47NAJXREI         | B08CCQJZV8 |
| 14. | QuantumHomeProducts | AMTKG3LDPMNNV        | B08KSM916F<br>B08KSCJF8H<br>B08L1B47PT |
| 15. | LQQy†             | ABWHV937F2JTW          | B08P1R49DS<br>B08P1QHG5N<br>B08P1R753Y<br>B08P1RLLHY<br>B08P1RM6N3<br>B08P1R9746<br>B08NC1J5D6<br>B08NCQL1NR |
| 16. | LYLYMX†           | A1NBRRK1IMOJ1O         | B08ZLGXCRF<br>B08ZLK6MDD |

† Goods sold by LQQy and LYLYMX include markings that suggest they are genuine LGE products. However, closer inspection reveals that they are not.