**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LG ELECTRONICS INC. AND<br>LG ELECTRONICS ALABAMA, INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>THE PARTNERSHIPS AND<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED IN SCHEDULE A,<br><br>　　　　　Defendants. | Case No. 2021-cv-2600<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOVING DEFENDANTS' EMERGENCY MOTION TO DISSOLVE THE *EX PARTE* TRO AND PRELIMINARY INJUNCTION** |

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ................................................................................................ 1

II. LEGAL STANDARD ............................................................................................................. 4

III. ARGUMENT ......................................................................................................................... 5

    A. Plaintiffs obtained the Preliminary Injunction without Notice to Defendants. ................ 5

    B. Plaintiffs Cannot Show Irreparable Harm. ....................................................................... 5

        1. Plaintiffs Have an Adequate Remedy at Law ............................................................. 6

        2. Plaintiffs' Delay in Filing the Present Motion Undermines Any Claim of Irreparable Harm and Is Grounds for Denial ............................................................. 9

    C. The Balance of Harms Tilts Sharply in Defendant's Favor. .......................................... 10

    D. If This Court Deems It Necessary to Maintain the Preliminary Injunction, Plaintiffs Should Be Required to Post a Bond of at Least $2 Million. .......................................... 11

IV. CONCLUSION .................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abbott Labs. v. Sandoz, Inc.*,
  2006 WL 3718025 (N.D. Ill. Dec. 15, 2006) ........................................................................ 5, 9

*Air Serv Corp. v. Serv. Emps. Int'l Union*,
  2016 WL 7034136 (N.D. Ill. Dec. 2, 2016) ............................................................................. 4

*In re Banco Bradesco S.A. Sec. Litig.*,
  277 F. Supp. 3d 600 (S.D.N.Y. 2017) ..................................................................................... 7

*Consolidation Coal Co. v. Disabled Miners of S. West Virginia*,
  442 F.2d 1261 (4th Cir. 1971) ................................................................................................. 5

*David White Instruments, LLC v. TLZ, Inc.*,
  2002 WL 31741235 (N.D. Ill. Dec. 4, 2002) ....................................................................... 6, 9

*E. St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co.*,
  414 F.3d 700 (7th Cir. 2005) ................................................................................................... 6

*Goodman v. Illinois Dep't of Fin. & Prof'l Regulation*,
  430 F.3d 432 (7th Cir. 2005) ................................................................................................... 4

*Johnson Pub. Co. v. Willitts Designs Int'l, Inc.*,
  1998 WL 341618 (N.D. Ill. June 22, 1998) ............................................................................ 9

*Judge v. Quinn*,
  612 F.3d 537 (7th Cir. 2010) ................................................................................................... 5

*Kastanis v. Eggstacy LLC*,
  752 F. Supp. 2d 842 (N.D. Ill. 2010) .................................................................................... 10

*Kreg Therapeutics, Inc. v. Vitalgo, Inc.*,
  2011 WL 5325545 (N.D. Ill. Nov. 3, 2011) ............................................................................ 8

*Long v. Bd. of Educ., Dist.*
  128, 167 F. Supp. 2d 988 (N.D. Ill. 2001) .............................................................................. 4

*McGhee v. Joutras*,
  1996 U.S. Dist. LEXIS 18019 (N.D. Ill. Dec. 4, 1996) .......................................................... 7

*Mead Johnson & Co. v. Abbott Labs.*,
  209 F.3d 1032 (7th Cir. 2000) .............................................................................................. 10

*Medeco Sec. Locks, Inc. v. Swiderek*,
　680 F.2d 37 (7th Cir. 1981) ...................................................................................1

*Merritte v. Kessell*,
　2015 WL 1775777 (S.D. Ill. Apr. 16, 2015) ............................................................4

*Mich. v. U.S. Army Corps of Eng'rs*,
　No. 10-CV-4457, 2010 WL 5018559 (N.D. Ill. Dec. 2, 2010) ..................................6

*Micro Data Base Sys., Inc. v. Nellcor Puritan Bennett, Inc.*,
　165 F.3d 1154 (7th Cir. 1999) ...............................................................................7

*Ohio Art Co. v. Lewis Galoob Toys, Inc.*,
　799 F. Supp. 870 (N.D. Ill. 1992) ..........................................................................9

*Praefke Auto Elec. & Battery Co., Inc. v. Tecumseh Prods. Co., Inc.*,
　255 F.3d 460 (7th Cir. 2001) .................................................................................6

*Rizzo v. Goode*,
　423 U.S. 362 (1976) ..............................................................................................4

*Roche Diagnostics Corp. v. Med. Automation Sys., Inc.*,
　646 F.3d 424 (7th Cir. 2011) ...............................................................................11

*Roland Mach. Co. v. Dresser Indus., Inc.*,
　749 F.2d 380 (7th Cir. 1984) .................................................................................8

*Smith v. Foster*,
　2016 WL 2593957 (E.D. Wis. May 5, 2016) ......................................................4, 9

*Snap-On Tools Co. v. C/Net, Inc.*,
　1997 WL 33483145 (N.D. Ill. Oct. 3, 1997) ...........................................................9

*United States v. Jones*,
　713 F.3d 336 (7th Cir. 2013) .................................................................................7

*Wheeler v. Talbot*,
　770 F.3d 550 (7th Cir. 2014) .............................................................................1, 5

*Winter v. Nat. Res. Def. Council, Inc.*,
　555 U.S. 7 (2008) ..................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 65 .........................................................................................5, 10, 11

Defendants Express Parts LLC d/b/a as Express Parts !!!, Shanghai Yu Tian Qi Technology Co., Ltd. d/b/a as GLACIERFRESH, Ninbo Haishu Keze Replacement Equipment Co., Ltd d/b/a as Kozero Filter, Ninbo Haishu Bichun Technology Co., Ltd d/b/a as Pureza Filters ("Moving Defendants") hereby move for an order dissolving the preliminary injunction obtained by Plaintiffs LG Electronics Inc.'s ("LGE") and LG Electronics Alabama, Inc. ("LGEAI") on June 15, 2021. ECF No. 29 ("Injunction").

### I. PRELIMINARY STATEMENT

Plaintiffs assert patent infringement claim against a series of sellers of replacement water filters on Amazon.com. Without distinguishing between the *sixteen* different sellers, Plaintiffs requested and obtained a preliminary injunction *ex parte* freezing all defendants' storefronts.

As a threshold matter, the Injunction <u>must</u> be dissolved because Plaintiffs obtained it without notice and opportunity for a hearing for any of the Defendants. It is well-settled that "a court may not issue a preliminary injunction without advance notice to the adverse party." *Wheeler v. Talbot*, 770 F.3d 550, 552 (7th Cir. 2014) (citing Fed. R. Civ. P. 65(a)(1)); *see also Medeco Sec. Locks, Inc. v. Swiderek*, 680 F.2d 37, 38 (7th Cir. 1981) ("Rule 65[] provides that no preliminary injunction shall be issued without notice to the adverse party. Notice implies the opportunity to be heard. Hearing requires trial on the issue or issues of fact. Trial on the issue of fact necessitates opportunity to present evidence and not by only one side of the controversy.") While this reason alone is sufficient to warrant a dissolution of the injunction, Plaintiffs also fail on the merits.

*First*, Plaintiffs fail to show money damages are insufficient. Here, Plaintiffs provide cursory infringement contentions, but the core of their argument is purported harm that cannot be remedied with money damages for two primary reasons—neither of which hold any water. Plaintiffs first claim that Defendants' inferior products place LG's brand goodwill and reputation

at immediate risk. Critically missing from Plaintiffs' motion is any showing of *evidence* of such imminent harm caused by *Moving Defendants'* products. Instead, Plaintiffs' motion is suffused with hyperbole and ad hominem attacks that lump all "defendants" together as one in order to tar all with the alleged misdeeds of others. Of course, even Plaintiffs had to admit—in a footnote nestled within its exhibited schedule of storefronts—that only two of the sixteen stores it enjoined sold products misbranded with LG's logo. ECF No. 16 ("TRO Motion"), Ex. 1, at 2. Neither belongs to the Moving Defendants, who, as set forth below, has consistently sought to build its *own* brands through quality products.

Plaintiffs' next argument for harm that cannot be cured with monetary damages is the bald speculation that defendants will be unable or unwilling to satisfy any judgment simply because they are foreign entities. Accepting Plaintiff's argument would lead to the bizarre result that a TRO is always warranted against a foreign defendant, which has no support in the law. Here, Moving Defendants rely on the U.S. for ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Wu Decl. ¶¶ 3, 7. It can pay money damages and furthermore, cannot afford to flout a U.S. federal court's authority. *Id.* Plaintiffs therefore fail to establish this essential element of an injunction.

***Second***, Plaintiffs' delay in seeking injunctive relief further belies any claim of irreparable harm. Defendants have been advertising and selling the accused products openly for *two years*—starting a year before the '984 patent was even issued. Wu Decl. ¶ 4. Given that Plaintiffs are in the business of selling replacement water filters, Plaintiffs either knew or should have known of the accused products long before it filed suit.

***Third***, and worse still, Plaintiff also knew, or should have known in light of its apparently exhaustive investigation, that each of Defendants' Amazon storefronts sold *numerous* other home appliance products that have no relation to and cannot possibly infringe upon the '984 patent. Yet

Plaintiffs still sought out a blanket injunction over all products Defendants sold, and did so days before Amazon's "Prime Day"—one of the biggest sales events of the year.[1] Tellingly, and further belying Plaintiffs' assertions of irreparable harm, there are *presently* other U.S.-based—as opposed to China-based Amazon stores the selling exact same LT1000P-type filter covered by the allegedly infringed '984 patent via Amazon that Plaintiffs *did not* seek to enjoin.[2] Here, without explanation, Plaintiffs selectively sought out "Chinese" companies for injunction but not the U.S. ones doing the same thing they enjoined. This further belies their claim of irreparable harm. Of course, had they also sued the U.S. sellers, Plaintiffs would have been unable to pepper their papers with numerous pejoratives about "Chinese" companies.[3]

Moving Defendants have already suffered substantial hardship as a result of the TRO and Injunction. For example, Moving Defendants' f█████████████████████████████████████████████████████████████████████████████████████████████████ Accordingly, in obtaining a blanket freeze, Plaintiffs have managed to halt sales of up to ███████████████████ sales of products that are *not even alleged to be infringing*. With Amazon prime day days away, these storefronts will suffer even greater harm if the accounts remain frozen.

In short, it appears that Plaintiff does not in fact have a basis for obtaining an injunction. Rather, LG, far from fearing irreparable harm, simply wanted to deal a well-timed blow to its competitors in the lead up to Prime Day. The Injunction should be immediately dissolved.

---

[1] This year, Prime Day will be on June 21-22. *See* https://www.amazon.com/primeday, last accessed June 16, 2021.

[2] *See e.g.* Pureline: Amazon.com: Pureline LT1000P Water Filter Replacement. Compatible for Models LT1000P, ADQ747935, MDJ64844601, LMXS28626S, LMXC23796S, LFXS26973D, and 9980. (2 Pack): Kitchen & Dining last accessed June 16, 2021.

[3] In that sense, it is also telling that LGEAI, LG's U.S. subsidiary, does not own the allegedly infringed patent, and is named as a Plaintiff in this action solely so that one Plaintiff could claim to be a "United States Company." Dkt. 1 (Complaint), ¶¶ 2, 13.

## II. LEGAL STANDARD

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Goodman v. Illinois Dep't of Fin. & Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis original)). Because a preliminary injunction is an extraordinary remedy, the court's power to issue such relief should be exercised sparingly. *Rizzo v. Goode*, 423 U.S. 362, 378 (1976).

A plaintiff seeking preliminary injunctive relief must establish by a "clear showing" that: "(1) its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) it will suffer irreparable harm if the injunction is not granted." *Long v. Bd. of Educ., Dist.* 128, 167 F. Supp. 2d 988, 990 (N.D. Ill. 2001). "[B]urdens at the preliminary injunction stage track the burdens at trial." *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 429 (2006). Thus, the movant "bears the burden of persuasion with regard to each factor in the preliminary injunctive relief analysis," and if it "fails to meet *just one* of the prerequisites for a preliminary injunction, the injunction *must* be denied." *Smith v. Foster*, 2016 WL 2593957, at *3 (E.D. Wis. May 5, 2016) (quoting *Cox v. City of Chicago*, 868 F.2d 217, 219-23 (7th Cir.1989)) (emphasis added). In order to meet its burden, Plaintiff must support its motion "with evidence" to satisfy "each of the[] elements" required to obtain injunctive relief. *Merritte v. Kessell*, 2015 WL 1775777, at *2 (S.D. Ill. Apr. 16, 2015); *see also, e.g., Air Serv Corp. v. Serv. Emps. Int'l Union*, 2016 WL 7034136, at *1 (N.D. Ill. Dec. 2, 2016) (noting that the moving party "*must show* that it will suffer irreparable harm.") (emphasis added). If the movant meets these requirements, the Court must then weigh, using a sliding scale, the harm the movant will suffer without an injunction against the harm the non-movant will suffer if an injunction is issued. The more likely

the movant is to win, the less heavily need the balance of harm weigh in its favor; conversely, the less likely the movant is to win, the more the balance must weigh in its favor. *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010). Such injunctive relief is "never awarded as of right," and the Court "must balance the competing claims of injury and must consider the effect on each party." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

### III. ARGUMENT

**A.  Plaintiffs obtained the Preliminary Injunction without Notice to Defendants.**

Prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). It is axiomatic both in the Seventh Circuit and throughout the country, that Rule 65(a)(1) of the Federal Rules of Civil Procedure requires "adverse parties receive notice before preliminary injunctions are *issued*." *Wheeler*, 770 F.3d 550, at 552 (emphasis original); *see also Consolidation Coal Co. v. Disabled Miners of S. West Virginia*, 442 F.2d 1261, 1269 (4th Cir. 1971) ("plaintiffs obtained an *ex parte* preliminary injunction in a case in which there were sharply disputed questions of fact and of law. This was manifestly error, because Rule 65(a)(1) is explicit that no preliminary injunction shall be issued without notice to the adverse party.") (internal citations omitted).

Here, no defendant was served with advance notice of the Injunction or afforded an opportunity for a hearing in this matter. It is clear that Plaintiffs did not satisfy the notice requirement of Rule 65(a)(1). For this reason alone, the Injunction must be dissolved.

**B.  Plaintiff Cannot Show Irreparable Harm.**

On the merits, Plaintiffs failed to show the "immediate" irreparable harm required to justify the "extraordinary and drastic," "emergency" remedy of a preliminary injunction. *See Abbott Labs. v. Sandoz, Inc.*, 2006 WL 3718025, at *1 (N.D. Ill. Dec. 15, 2006); *David White Instruments, LLC v. TLZ, Inc.*, 2002 WL 31741235, at *2 (N.D. Ill. Dec. 4, 2002).

1. **Plaintiffs Have an Adequate Remedy at Law**

The Court should dissolve the Injunction because Plaintiffs failed to demonstrate that they do not have adequate remedy at law. ***First***, conclusory or speculative contentions are insufficient to demonstrate irreparable harm. *See, e.g., E. St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co.*, 414 F.3d 700, 704-06 (7th Cir. 2005) (stating that "speculative injuries do not justify" granting injunctive relief, and that a moving party "cannot obtain a preliminary injunction by speculating about hypothetical future injuries"). Rather, Plaintiff's "evidence must demonstrate that [it] ha[s] carried [its] burden 'that irreparable injury is likely' — not just possible — 'in the absence of an injunction.'" *Mich. v. U.S. Army Corps of Eng'rs*, No. 10-CV-4457, 2010 WL 5018559 at *24 (N.D. Ill. Dec. 2, 2010). Here, Plaintiffs conclusively claimed a loss of sales and market share, but proffered no evidence of specific instances of lost sales that are attributable to the Moving Defendants—who sold under their own brands.

But even assuming Plaintiff could prove that it was losing sales due to the Moving Defendants' conduct, the law is well-established that if "losses are purely financial, easily measured, and readily compensated[,] [t]here is . . . no showing of irreparable harm, and on this ground alone the preliminary injunction should [be] denied." *Praefke Auto Elec. & Battery Co., Inc. v. Tecumseh Prods. Co., Inc.*, 255 F.3d 460, 463 (7th Cir. 2001) (internal citations omitted) (holding that movant's alleged harm sounded in lost profits, which "ha[d] not fallen to a point that threatens [the movant's] solvency," and thus did not constitute irreparable harm). As set forth above, Moving Defendants generated ███████████████████████████████████ Thus, if this Court dissolves the Injunction, and it is later determined that Moving Defendant was not permitted to sell LT1000P-type filters, Plaintiffs can still be made whole by recovering any economic loss. *Micro Data Base Sys., Inc. v. Nellcor Puritan Bennett, Inc.*, 165 F.3d 1154, 1157 (7th Cir. 1999) (no irreparable harm if "only money is at issue.")

*Second*, Plaintiff suffuses its brief with ad hominim attacks against Chinese companies, and, in commingling a host of defendants without distinction, attempts to generalize the conduct of some defendants to all Defendants. But even if one accepts Plaintiff's Sinophobic generalization, it is axiomatic that attempts to plead "guilt by association is impermissible." *In re Banco Bradesco S.A. Sec. Litig.*, 277 F. Supp. 3d 600, 664 (S.D.N.Y. 2017); *United States v. Jones*, 713 F.3d 336, 350 (7th Cir. 2013) (courts cannot "endorse the impermissible inferences of guilt by association or mere presence."); *McGhee v. Joutras*, 1996 U.S. Dist. LEXIS 18019, at *19 (N.D. Ill. Dec. 4, 1996) (rejecting "impermissible guilt-by-association premise that fuels each of [a party's] arguments.").

In alleging damage to the goodwill and reputation of the LG brand, Plaintiffs simply ***asserted***, without identifying the particular defendant that "Defendants" make and sell "low-quality products" and alleged that customers "observing problems with Defendants' infringing water filters may wrongly believe the problem originated with an LG-branded refrigerator." TRO Motion, at 26. No part of the TRO Motion seeks to connect these allegations of "low quality" to the Moving Defendants' storefronts. That is because Plaintiffs cannot do so. Indeed, Defendants have always sought to build their own brands through quality control. Ex. C (Product Test Report for quality control purpose, conducted on January 5, 2021). Moving Defendants' products also meet established industry-wide safety standards that Plaintiffs acknowledged when touting the quality of their own LT1000P products. Ex. D; TRO Motion at 25. Furthermore, Moving Defendants' products consistently received raving customer reviews on Amazon. Ex. E (screenshots of Moving Defendants' Amazon stores' customer review page).

While harm to goodwill can be an irreparable injury in certain circumstances, the "cases where courts have found irreparable harm from a loss of goodwill or business relationships have

involved situations where the dispute between the parties leaves one party unable to provide its product to its customers." *Kreg Therapeutics, Inc. v. Vitalgo, Inc.*, 2011 WL 5325545, *6 (N.D. Ill. Nov. 3, 2011). In this case, Plaintiffs have not alleged—nor can they—that they will be unable to provide LT1000P products to customers as a result of Moving Defendants' conduct. Indeed, far from harming LG's brand, Moving Defendants' products have only built the quality of their own brands—but legitimate competition is no basis for the "drastic" imposition of an Injunction.

***Third***, Plaintiffs' assertion that "Defendants" are unlikely to be able to satisfy a judgment is pure, unsupported speculation. "In saying that the plaintiff must show that an award of damages at the end of trial will be inadequate, we do not mean wholly ineffectual; we mean seriously deficient as a remedy for the harm suffered." *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984). Moving Defendants have annual sales in excess ▇▇▇▇▇▇▇ in the U.S. market. *See* Ex. B; Wu Decl. ¶ 3.

Given that patent damages generally do not exceed a defendant's profits, Moving Defendants have more than enough resources to satisfy any potential money judgment in this case. Wu Decl. ¶ 6. Plaintiffs also argued that because Defendants are "foreign entities whose true identities remain unknown, any monetary judgement may be difficult, if not impossible, to collect." TRO Motion, at 27. But Defendants have now been served, and Counsel has informed Plaintiffs the storefronts the Moving Defendants operate. Ni Decl. ¶ 8.

Plaintiffs also speculated in extending the TRO that Defendants were "likely attempt to dodge service and continue to sell infringing knock-offs through Amazon under a different alias, as well as move any assets from their financial accounts to off-shore bank accounts. ECF No. 23, at 2. Respectfully, it takes time to build an Amazon storefront that can generate the kind of consistently good reviews and sales in the range of the Moving Defendants' stores, and they do

not intend and cannot afford to just cut loose and run. Wu Decl. ¶ 10. Finally, the same substantial revenues generated by each year in the U.S. market means that the Moving Defendants cannot afford to flout a U.S. federal court's judgment at a cost of giving up this entire market. Simply put, there is no justification for finding that Plaintiffs would be unable to collect on a monetary judgment in this case.

In sum, Plaintiff's failure to show irreparable harm and inadequacy of remedy at law obviate any need for the Court to reach the remaining factors for considering injunctive relief. *See Smith*, 2016 WL 2593957, at \*3; *Abbott Labs.*, 2006 WL 3718025, at \*2; *David White Instruments*, 2002 WL 31741235, at \*2.

### 2. Plaintiffs' Delay in Filing the Present Motion Undermines Any Claim of Irreparable Harm and Is Grounds for Denial

"A party's failure to offer any reasonable explanation for its delay in seeking a temporary restraining order will in and of itself support denial of a TRO." *Snap-On Tools Co. v. C/Net, Inc.*, 1997 WL 33483145, at \*11 (N.D. Ill. Oct. 3, 1997) (denying TRO where plaintiff delayed for 2-3 months). "Delay is a factor in assessing the existence of irreparable harm, [] and unexcused delay on the part of parties seeking extraordinary injunctive relief is grounds for denial of a motion 'because such delay implies a lack of urgency and irreparable harm.'" *Ixmation, Inc. v. Switch Bulb Co.*, Inc., , 2014 WL 5420273, at \*7 (N.D. Ill. Oct. 23, 2014) (internal citations omitted) (denying TRO where plaintiff delayed nearly four and a half months); *Johnson Pub. Co. v. Willitts Designs Int'l, Inc.*, 1998 WL 341618, at \*8-9 (N.D. Ill. June 22, 1998) (denying preliminary injunction because plaintiff "unduly delayed filing its motion [for four months], undermining its claim that it will be irreparably harmed if an injunction is not issued"); *Ohio Art Co. v. Lewis Galoob Toys, Inc.*, 799 F. Supp. 870, 887 (N.D. Ill. 1992) ("It can be inferred from the plaintiff's delay that there is no threat of irreparable harm").

Moving Defendants have been openly marketing and selling the accused product via online storefronts since 2019 and did not know about the '984 Patent until this lawsuit. Ex. F (screenshots of store inventory on Amazon); Wu Decl. ¶ 4, 5. As Plaintiffs are in the business of selling replacement water filters, they knew, or should have known, about the alleged infringement long before this suit. Indeed, as set forth above, Plaintiffs are continuing to delay on moving against other U.S.-based (as opposed to "Chinese" stores) selling the exact same product. This delay and apparent willingness to exclude other identifiable sellers of the LT1000P forecloses an Injunction.

## C.  The Balance of Harms Tilts Sharply in Defendant's Favor.

Even if the court were to assume that plaintiff had shown some likelihood of success on the merits, the balance of harms weighs stronger in favor of Moving Defendants. Plaintiffs cannot dispute that only one product is allegedly infringing. Here, the sales of LT1000P filter only accounted for ▒▒▒▒▒ Ex. B; Wu Decl. ¶ 4. There is no basis for ▒▒▒▒▒ Moving Defendants' sales of ***non-infringing products*** completely impertinent to the subject matter of this lawsuit. In short, Plaintiff cannot "me[e]t their burden of showing that the harm [it] will suffer if the injunction is denied is substantially greater than the harm [the Moving Defendants] would suffer if the injunction were granted." *Kastanis v. Eggstacy LLC*, 752 F. Supp. 2d 842, 858-59 (N.D. Ill. 2010).

Indeed, as set forth above, it takes time to build up an Amazon storefront, and every day Moving Defendants' stores are frozen is one more day that they drop in Amazon search rankings. Far from selling "knock-offs" and "low quality" products, Moving Defendants sell high quality products that they designed and built themselves without knowing about the patent—the validity of which is in dispute. In short, it is LG's Injunction that is doing harm to Moving Defendants' goodwill and brand recognition, not the other way around.

**D.     If This Court Deems It Necessary to Maintain the Preliminary Injunction, Plaintiffs Should Be Required to Post a Bond of at Least $2 Million.**

A bond is a pre-condition to preliminary injunction relief "for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c); *Mead Johnson & Co. v. Abbott Labs.*, 209 F.3d 1032, 1033 (7th Cir. 2000). Because "[a] party injured by an erroneous preliminary injunction is entitled to be made whole," the bond must be high enough to cover any losses the defendant incurs in the event the preliminary injunction was erroneously entered. *See Roche Diagnostics Corp. v. Med. Automation Sys., Inc.*, 646 F.3d 424, 428 (7th Cir. 2011) ("Judges [ ] should take care that the bond is set high enough to cover the losses that their handiwork could cause."). Accordingly, the bond amount must adequately cover the potential harm to the enjoined party. Fed. R. Civ. P. 65(c). Setting a bond amount is not an exact science, however:

> In setting the amount of security for a preliminary injunction, the ***trial court should err on the high side.*** An error in setting the bond too high is not serious, because the fee to post bond is usually a fraction of the amount of the bond and because any recovery on the bond would have to be supported by proof of actual damages. On the other hand, an error on the low side may produce irreparable injury, because damages for an erroneous preliminary injunction may not exceed the amount of the bond.

13 Moore's Fed. Prac. 3d 65.50[2] at 65-94 (2006) (footnote omitted) (emphasis added).

In the present case, there is zero basis to maintain a freeze over the non-infringing products. As to the products alleged to be infringing, they should also be unfrozen because Moving Defendants can pay money damages even if the patent is not invalidated. However, should the Court desire to maintain an injunction over these, Moving Defendants have a two-year (improving) track record of selling them via Amazon. ███████████████████████████████████ ████████████████ Ex. B. Assuming, generously, that it will take two years to resolve this case, if this Court deems it necessary to maintain the Injunction, then a bond of at least $2 million is necessary to "cover the possible damages and costs" to Moving Defendants. Fed.R.Civ.P. 65(c).

## IV. CONCLUSION

As this Court has observed, "ex parte temporary restraining orders are vulnerable to abuse," and thus, "the safeguards embodied in Federal Rule of Civil Procedure 65(b) must be scrupulously honored." *PaineWebber Inc. v. Can Am Fin. Grp., Ltd.*, 1987 WL 16012, at *1 (N.D. Ill. Aug. 19, 1987) (citing 11 WRIGHT & MILLER, FED. PRAC. & PROC. § 2952 (1973)).  Here, that was not done.  Accordingly, Moving Defendants respectfully request that this Court dissolve the preliminary injunction, and grant Defendant such other and further relief as this Court deems appropriate.

Respectfully Submitted

Dated: June 17, 2021

**AFN Law PLLC**

by: _____
Angus F. Ni, WSBA # 53828

506 2nd Ave, Suite 1400
Seattle, WA 98104
Phone: (646) 453-7294

*Attorneys for Moving Defendants.*