**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LG ELECTRONICS INC. AND<br>LG ELECTRONICS ALABAMA, INC., | )<br>)<br>) CASE NO. 2021-CV-2600 |
| Plaintiffs, | )<br>) |
| v. | ) **MEMORANDUM OF LAW IN SUPPORT**<br>) **OF DEFENDANTS W&L TRADING LLC**<br>) **AND TOP PURE (USA), INC.'s** |
| THE PARTNERSHIPS AND<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED IN SCHEDULE A | ) **MOTION TO TRANSFER**<br>)<br>)<br>) |
| Defendants. | ) |

**TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT ........................................................................................ 1
II.   LEGAL STANDARD ........................................................................................................ 1
III.   ARGUMENT .................................................................................................................... 2
   A.   Venue Is Improper in this District .................................................................................. 2
   B.   The Court Should Transfer or Dismiss the Actions ........................................................ 3
      1.   The Court Should Transfer W&L's Action to Texas and Top Pure's Action to California ....................................................................................................................... 3
      2.   In the Alternative, the Court Should Dismiss the Cases ............................................... 4
IV.   CONCLUSION ................................................................................................................. 4

**TABLE OF AUTHORITIES**

**Cases**

*Brunette Mach. Works, Ltd. v. Kockum Indus. Inc.*,
  406 U.S. 706 (1972) .......................................................................................................... 2

*CCD Holdings, LLC v. Cenergy USA, Inc.*,
  2019 WL 10369661 (N.D. Ill. Feb. 6, 2019) ..................................................................... 4

*Grantham v. Challenge-Cook Bros., Inc.*,
  420 F.2d 1182 (7th Cir. 1969) ........................................................................................... 1

*In re Cray*,
  871 F.3d 1355 (Fed. Cir. 2017) ...................................................................................... 2, 3

*In re HTC Corp.*,
  889 F.3d 1349 (Fed. Cir. 2018) .......................................................................................... 2

*Khan v. Hemosphere, Inc.*,
  2019 WL 10947304 (N.D. Ill. Jan. 23, 2019) .................................................................... 4

*Mantissa Corp. v. Great Am. Bancorp. Inc.*,
  446 F. Supp. 3d 398 (C.D. Ill. 2020) ................................................................................. 1

*TC Heartland LLC. v. Kraft Foods Grp. Brands.*
  *LLC*, 137 S.Ct. 1514 (2017) ........................................................................................... 1, 2

**Statutes**

28 U.S.C. § 1391 ............................................................................................................................ 2

28 U.S.C. § 1400 ................................................................................................................... 1, 2, 3

28 U.S.C. § 1406 ....................................................................................................................... 3, 4

Defendants W&L Trading LLC d/b/a AQUALINK ("W&L") and Top Pure (USA) Inc. d/b/a as ICE PURE ("Top Pure") hereby move the Court to transfer this action. W&L, a Texas entity, seeks transfer to the United States District Court for the Eastern District of Texas. Top Pure, a California entity, seeks transfer to the United States District court for the Central District of California.

### I.  PRELIMINARY STATEMENT

It is plaintiff's burden to establish venue. Plaintiff's Complaint fails to establish proper venue in this district under 28 U.S.C. § 1400, which the Supreme Court established is the sole and exclusive venue provision for patent infringement actions for domestic entities. *TC Heartland LLC. v. Kraft Foods Grp. Brands. LLC*, 137 S.Ct. 1514, 1519 (2017). Plaintiffs do not allege that W&L or Top Pure reside in this District. Nor do Plaintiffs allege that W&L or Top Pure have a regular and established place of business in this District. The Court should therefore transfer the action against W&L to Texas and the action against Top Pure to California. Alternatively, the Court may dismiss one or both actions.

### II.  LEGAL STANDARD

Plaintiffs bear the burden of establishing that venue is proper. *Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1969). "In an action involving multiple defendants, venue and jurisdiction requirements must be met as to each defendant." *Mantissa Corp. v. Great Am. Bancorp. Inc.*, 446 F. Supp. 3d 398, 406 (C.D. Ill. 2020) (citations omitted).

In patent cases, "the sole and exclusive provision controlling venue" for domestic entities is 28 U.S.C. § 1400. *TC Heartland*, 137 S.Ct. at 1519. 28 U.S.C. § 1400 situates venue in (1) the district in which the defendant or his agent resides, or (2) where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400.

For the first prong, a defendant resides <u>only</u> in its state of incorporation. *TC Heartland*, 137 S.Ct. at 1517. As to the second prong, three conditions must be satisfied for a defendant to have a "regular and established place of business" in a judicial district: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). "If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *Id.*

### III. ARGUMENT

#### A. Venue Is Improper in this District

Plaintiffs allege that venue is proper under 28 U.S.C. § 1391, which is the wrong venue provision. Dkt. 1 at ¶ 9. 28 U.S.C. § 1391 does not apply here because that provision applies only to "alien corporations." *Brunette Mach. Works, Ltd. v. Kockum Indus. Inc.*, 406 U.S. 706, 714 (1972); *see also In re HTC Corp.*, 889 F.3d 1349, 1358 (Fed. Cir. 2018) (noting an exception to the patent venue statute only as to aliens). For domestic corporations, "the sole and exclusive provision controlling venue" is 28 U.S.C. § 1400. *TC Heartland*, 137 S.Ct. at 1519. Because both W&L and Top Pure are domestic corporations, having been incorporated in Texas and California respectively (Ex. 1; Ex. 2), the **sole** applicable venue statute is the patent venue statue. Plaintiffs fail to even cite to the patent venue statue, let alone allege any facts sufficient to carry its burden to establish proper venue under it. *See* Dkt. 1 at ¶¶ 5-11.

Moreover, venue is not proper in this district under either prong of the patent venue statute. Under the first prong, venue is not proper in this district because neither W&L nor Top Pure are incorporated in Illinois. The first prong of the patent venue statute situates venue **only** in the state of incorporation. 28 U.S.C. § 1400(a); *TC Heartland*, 137 S.Ct. at 1517. W&L and Top Pure are domestic entities incorporated in Texas and California, respectively. Ex. 1; Ex. 2.

Under the second prong, venue is not proper in this district because neither W&L nor Top Pure have a regular and established place of business in Illinois. *In re Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Neither W&L nor Top Pure have any offices, employees, real estate, or any other presence in the state of Illinois that could potentially qualify as a physical place, let alone a regular and established place of business. Ying Lu Decl. at ¶¶ 46; Jun Lu Decl. at ¶¶ 46.

### B. The Court Should Transfer or Dismiss the Actions

In cases laying venue in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. Transfer or dismissal are the only available remedies under § 1406 for cases of improper venue. W&L and Top Pure respectfully request the Court transfer their respective cases.

#### 1. The Court Should Transfer W&L's Action to Texas and Top Pure's Action to California

W&L respectfully requests the Court transfer its case to the United States District Court for the Eastern[1] District of Texas.[2] And Top Pure respectfully requests the Court transfer its case to United States District Court for the Central[3] District of California. 28 U.S.C. § 1406 permits the Court transfer cases only to districts in which it could have been brought. Because W&L was incorporated in Texas (Ex. 1), venue would have been proper in Texas under 28 U.S.C. § 1400(a). Likewise, because Top Pure was incorporated in California (Ex. 2), venue would have been proper in California under 28 U.S.C. § 1400(a).

---

[1] W&L's principal office is located in Frisco, TX, which is in the Eastern District of Texas.

[2] W&L is willing to consent to venue in the Central District of California under 28 U.S.C. § 1404(a) provided the case against Top Pure is also transferred to California. W&L sought and failed to obtain Plaintiffs' consent to transfer both cases to California before filing this motion.

[3] Top Pure is located in Pico Rivera, CA, which is in the Central District of California

3

Transferring the cases would be in the interests of justice. "Generally, the interests of justice weigh in favor of transfer, rather than dismissal, provided there is an appropriate forum." *CCD Holdings, LLC v. Cenergy USA, Inc.*, 2019 WL 10369661, at *3 (N.D. Ill. Feb. 6, 2019). Moreover, transferring the cases would avoid any delays and costs associated with dismissal followed by renewed lawsuits in another jurisdiction. And, if this court were to dismiss the actions rather than transfer them, W&L and Top Pure would face potential uncertainty as to whether the Plaintiffs would re-file their suits.

### 2. In the Alternative, the Court Should Dismiss the Cases

If the Court is not inclined to transfer the cases, W&L and Top Pure respectfully request dismissal, which is the only remaining available remedy for improper venue under 28 U.S.C. § 1406. *See, e.g.*, *Khan v. Hemosphere, Inc.*, 2019 WL 10947304, at *2 (N.D. Ill. Jan. 23, 2019) (dismissing case for improper venue under the patent venue statute).

## IV. CONCLUSION

For the foregoing reasons, Defendants W&L and Top Pure respectfully request that this Court transfer the respective actions against them to Texas and California. In the event that this court is not inclined to transfer either or both cases, W&L and Top Pure request dismissal.

4

Dated: July 14, 2021                          Respectfully Submitted,

*/s/ Philip Andrew Riley*
Philip Andrew Riley (Trial Bar No. 65871)
ariley@meimark.com
Laurence M. Sandell (admission pending)
lsandell@meimark.com
Jiwei Zhang (*pro hac vice* to be submitted)
jzhang@meimark.com
MEI & MARK LLP
818 18th Street NW, Suite 410
Washington, DC 20006
Telephone: 888-860-5678
Facsimile: 888-706-1173

*Counsel for Defendants W&L Trading LLC and Top Pure (USA) Inc.*

5