IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LG ELECTRONICS, INC. and LG ELECTRONICS ALABAMA, INC., | |
| Plaintiffs, | Case No. 21-cv-2600 |
| v. | Judge Mary M. Rowland |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A, | |
| Defendants. | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs LG Electronics Inc. and LG Electronics Alabama bring this patent infringement suit against sixteen Defendants, alleging that Defendants have infringed U.S. Patent No. 10,653,984 through their sale of replacement water filters for LG refrigerators via Amazon.com. Plaintiffs have moved for a preliminary injunction on their infringement claims against the thirteen Defendants who have not defaulted. [103] (sealed version); [183] (redacted version). That motion remains under advisement.

This opinion concerns Defendants, W&L Trading LLC and Top Pure (USA), Inc. motion to transfer venue under 28 U.S.C. § 1400. [81]. For the reasons explained below, this Court grants W&L and Top Pure's motion to transfer venue.

### ANALYSIS

W&L and Top Pure have moved to transfer venue, arguing that venue in this district is improper as to them under 28 U.S.C. § 1400(b). They assert that venue is

1

proper as to W&L in the Eastern District of Texas and as to Top Pure in the Central District of California. [81-1] at 6

When a plaintiff files suit in an improper venue, the district court "shall dismiss [the case], or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also* Fed R. Civ. P. 12(b)(3) (stating that a defendant may assert improper venue via motion). Courts can consider extrinsic evidence on a Rule 12(b)(3). *Script Transform, LLC v. Motorola Mobility, LLC*, 522 F. Supp. 3d 414, 416 (N.D. Ill. 2021) (citing *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 810 (7th Cir. 2011)).

In *TC Heartland LLC v. Kraft Food Group Brands LLC*, 137 S. Ct. 1514 (2017), the Supreme Court held that the patent venue statute, 28 U.S.C. § 1400(b), is the exclusive venue provision for patent infringement cases. *Id.* at 1517. Under Section 1400(b), an action for patent infringement may be brought either: (1) in the judicial district where the defendant resides; or (2) where the defendant has committed acts of infringement and maintains a regular and established place of business. *TC Heartland*, 137 S. Ct. at 1517. As to the first prong, a domestic corporation "resides" in only its state of incorporation. *Id.* Because W&L is incorporated in Texas and Top Pure in California, neither party "resides" in this district for the purposes of the patent venue statute. [81-2] ¶ 3; [81-2] ¶ 3. Accordingly, Plaintiffs can only establish proper venue under the second prong of the *TC Heartland* test.

To establish proper venue under the second prong, Plaintiffs must demonstrate three requirements: "(1) there must be a physical place in the district;

2

(2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). A "regular and established place of business" means "the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business.'" *In re Google LLC*, 949 F.3d 1338, 1344 (Fed. Cir. 2020).

Neither Defendant meets these requirements. W&L's manager, Ying Lu, submits an unrebutted declaration attesting that W&L does not maintain any presence in Illinois. [81-2] ¶ 4. According to Lu, W&L does not have any employees, salespersons, distributors, agents, bank accounts, or real estate in Illinois, nor does it own, lease, or use any office located in Illinois. *Id.* ¶ 4. Likewise, Top Pure provides a declaration from its CEO, Jun Lu, stating that Top Pure maintains no offices, employees, or agents in Illinois. [81-3] ¶ 4. Accordingly, Plaintiffs cannot meet the second prong of the *TC Heartland* test as to either W&L or Top Pure.

Resisting this result, Plaintiffs ask this Court treat W&L and Top Pure as foreign corporations "for all practical purposes" because their employees reside in China, and despite being incorporated in the United States, neither Defendant conducts their business from the United States. [146] at 9–10. If, as Plaintiffs contend, Defendants were foreign corporations, venue would be proper in any judicial district where the court can exercise personal jurisdiction. *See In re HTC Corp.*, 889 F.3d 1349, 1358 (Fed. Cir. 2018). But Defendants are not foreign corporations; they are incorporated in the United States, and the statute does not recognize any exceptions for domestic corporations conducting their operations overseas. Thus, this

Court must treat W&L and Top Pure as domestic corporations. *See In re BigCommerce, Inc.*, 890 F.3d 978, 981 (Fed. Cir. 2018) ("[A] domestic corporation defendant is deemed to reside only in its state of incorporation").

In a similar vein, Plaintiffs also accuse W&L and Top Pure of manipulating venue by incorporating in the United States while conducting essentially all of their operations overseas. [146] at 8–11. The Federal Circuit has recognized the concept of "venue manipulation" and instructed courts to place no weight on a *plaintiff*'s choice of venue where a plaintiff has established a presence in a particular venue that was "recent, ephemeral, and a construct for litigation" and that "appeared to exist for no other purpose than to manipulate venue." *In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1378 (Fed. Cir. 2021) (quotation omitted). Those cases discuss venue manipulation in the context of transfer motions under 28 U.S.C. § 1404(a), which permits courts to consider the "convenience of parties and witnesses, in the interest of justice" and disregard the *plaintiff's* choice of forum where justice so requires. *Samsung*, 2 F.4th at 1378. This case is different. Defendants could not have manipulated venue for the purposes of litigation. They were incorporated in the United States years before this litigation, and unlike Plaintiffs—who are the masters of their own complaint—they had no control over where to place the lawsuit. Moreover, Defendants have not brought this motion to transfer under section 1404(a); that statute permits courts to weigh different factors in considering a more convenient venue and consequently assign no weight to a plaintiff's choice of venue

4

when the plaintiff has manipulated venue. Defendants instead assert improper venue under section 1400(b) which "is intended to be restrictive of venue in patent cases." *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1014 (Fed. Cir. 2018). Section 1400(b) does not permit this Court to place any weight upon the fact that W&L and Top Pure conduct most of their business overseas. To do so would impermissibly create an exception to section 1400(b)'s venue restrictions as to domestic corporations.[1]

For these reasons, this Court concludes that venue is improper in this district as to Defendants W&L and Top Pure. Accordingly, this Court will sever the claims against these Defendants and transfer them to a proper venue. Although W&L is incorporated in Texas, it has consented to venue in the Central District of California, where venue is proper as to Top Pure. [81-1] at 6 n.2; [154] at 12; *see In re SK hynix Inc.*, 847 F. App'x 847, 853 (Fed. Cir. 2021) (noting that parties may consent to venue). Plaintiffs have not objected to transferring both parties to the Central District of California. *See generally* [146]. Accordingly, this Court severs W&L and Top Pure from this suit and directs the Clerk to transfer the case as to these Defendants forthwith to the United States District Court for the Central District of California.

## CONCLUSION

For the reasons explained above, this Court grants W&L and Top Pure's motion to transfer venue [81]. The Clerk is directed to sever the claims against W&L

---

[1] For the same reasons, this Court cannot consider the risk of inconsistent judgments in conducting its analysis under section 1400(b), even though, as Plaintiff rightly notes, transferring W&L and Top Pure risks the possibility of inconsistent judgments as between those Defendants and the other Yunda Defendants, who have not moved to transfer venue but sell the same accused product. [146] at 11. The parties may consider whether a venue transfer under section 1404(a) might be appropriate as to the remainder of the Yunda Defendants.

5

and Top Pure from this case and to transfer those claims against W&L and Top Pure forthwith to the United States District Court for the Central District of California.

E N T E R:

Dated: November 29, 2021

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

6