**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LG ELECTRONICS, INC. and LG ELECTRONICS ALABAMA, INC., | |
| Plaintiffs, | Case No. 21-cv-2600 |
| v. | Judge Mary M. Rowland |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs LG Electronics Inc. and LG Electronics Alabama bring this patent infringement suit against sixteen Defendants, alleging that Defendants have infringed U.S. Patent No. 10,653,984 through their sale of replacement water filters for LG refrigerators via Amazon.com. Plaintiffs have moved for a preliminary injunction on their infringement claims against the thirteen Defendants who have not defaulted. [103] (sealed version); [183] (redacted version). That motion remains under advisement.

This opinion concerns two motions filed by three Defendants—Qingdao Ecopure Filter Co., Ltd. (WaterdropDirect), Qingdao Maxwell Commercial and Trading Company Ltd. (Water Purity Expert), and Qingdao Youniwei Trading Co., Ltd. (Uniwell Filter) (and collectively, the Ecopure Defendants). The Ecopure Defendants have moved to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). [66]. They have also moved to dismiss or

1

sever due to misjoinder under Federal Rule of Civil Procedure 21 and 35 U.S.C. § 299. [110. For the reasons explained below, this Court denies the Ecopure Defendants' motion to dismiss for lack of personal jurisdiction [66] and grants their motion to dismiss or sever due to misjoinder [110].

## I. Ecopure Defendants' Motion to Dismiss

The Ecopure Defendants move to dismiss under Rule 12(b)(2) on the basis that this Court lacks both general and specific personal jurisdiction over them. [66]. Plaintiffs argue that the Ecopure Defendants remain subject to specific personal jurisdiction in this district under the stream of commerce theory because they have established a known distribution channel through Amazon.com, they know that Amazon.com ships to Illinois consumers, and Illinois consumers purchase their products. [116] at 10–11.

In patent infringement suits, Federal Circuit law governs personal jurisdiction determinations because "the jurisdictional issue is intimately involved with the substance of the patent laws." *Trimble Inc. v. PerDiemCo LLC*, 997 F.3d 1147, 1152 (Fed. Cir. 2021) (internal quotation marks and citation omitted). On a motion to dismiss under Rule 12(b)(2), this Court "must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor." *M-I Drilling, supra*, 890 F.3d 995, 999 (Fed. Cir. 2018) (quoting *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003)). Because this Court decides personal jurisdiction on the basis of the parties' written

submissions without holding an evidentiary hearing, Plaintiffs need only make a *prima facie* showing of personal jurisdiction. *Id.*

Whether personal jurisdiction exists involves two inquiries: first, whether a forum state's long-arm statute permits service of process, and second, whether the assertion of personal jurisdiction violates due process. *Trimble*, 997 F.3d at 1152; *see also Acorda Therapeutics Inc. v. Mylan Pharms. Inc.*, 817 F.3d 755, 759 (Fed. Cir. 2016). Because the Illinois long-arm statute permits courts to exercise jurisdiction to the full extent permitted by the United States Constitution, the statutory and federal constitutional inquiries merge. *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 393 (7th Cir. 2020); *Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695, 697 (7th Cir. 2015). The relevant analysis focuses upon the nature and extent of a defendant's relationship to the forum State, which has led courts to recognize two types of personal jurisdiction: general and specific. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021).

General jurisdiction exists only where a corporation is "at home"—generally only where it is incorporated and maintains its principal place of business. *Id.* The parties agree that this Court cannot exercise general jurisdiction over the Ecopure Defendants because they are Chinese corporations who also maintain their principal places of business in China. *See* [67-1] ¶ 4; [67-2] ¶ 4; [67-3] ¶ 4; *see generally* [116].

Specific jurisdiction, on the other hand, focuses upon whether a defendant has purposefully availed itself of the forum state, meaning that it took "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum

State." *Ford*, 141 S. Ct. at 1024 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Even then, specific jurisdiction attaches only where the plaintiff's claims arise out of or relate to the defendant's contacts with the forum state. *Id.* The Federal Circuit has distilled these specific jurisdiction concepts into three elements: "(1) the defendant purposefully directed its activities at residents of the forum; (2) the claim arises out of or relates to the defendant's activities with the forum; and (3) assertion of personal jurisdiction is reasonable and fair." *M-I Drilling*, 890 F.3d at 1000.

Applying those elements, this Court concludes that it can exercise specific personal jurisdiction with respect to the Ecopure Defendants. As to the first element of "purposeful availment," the Federal Circuit's decision in *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994) is controlling. In that case, the plaintiff sued a Chinese defendant for patent infringement in Virginia federal court. *Id.* at 1560. The defendant had no direct ties to Virginia; it manufactured products overseas and maintained no employees or offices in Virginia. *Id.* It did, however, maintain a relationship with a United States-based distributor who could and did ship the defendant's product to Virginia. *Id.* In fact, the plaintiff provided evidence of fifty-two instances of the defendant's accused product being shipped to Virginia. *Id.* at 1564. Based upon these facts, the Federal Circuit held that the fact that the defendant "purposefully shipped" the accused product into Virginia "through an established distribution channel" sufficed to establish personal jurisdiction over the defendants in Virginia. *Id.* at 1571. The court reasoned that the defendant's distribution channel "was intentionally established, and . . . defendant[] knew, or

4

reasonably could have foreseen, that a termination point of the channel was Virginia." *Id.* at 1564.

Based upon *Beverly Hills Fan*, courts have consistently held that personal jurisdiction exists over foreign defendants in patent infringement actions where the defendants place their products in an established distribution channel and knew, or reasonably could have foreseen, that the channel could terminate in the forum state. *See Chamberlain Grp., Inc. v. Techtronic Indus. Co.*, No. 16 C 6097, 2017 WL 3394741, at *5 (N.D. Ill. Aug. 8, 2017) (finding that personal jurisdiction existed over a "foreign company who approved and allocated capital necessary to develop and bring to market the allegedly infringing product, and it had at least some say in the decision to continue exploiting a longstanding distribution channel that inexorably deposits a significant number of the products at issue in Illinois"); *Bench Walk Lighting LLC v. LG Innotek Co.*, No. CV 20-0051-RGA, 2021 WL 1226427, at *3 (D. Del. Mar. 31, 2021) (finding that personal jurisdiction existed over a foreign defendant who contracted with a Canadian distributor to sell and ship its products to the "global market," including the United States, and noting that the plaintiff proffered evidence that defendant's products were, in fact, shipped to Delaware residents); *Largan Precision Co. v. Ability Opto-Elecs. Tech. Co.*, No. 4:19-CV-696, 2020 WL 569815, at *8 (E.D. Tex. Feb. 5, 2020) ("AOET delivered products into the stream of commerce that were destined for retail in the United States and Texas, and the lengthy and complex distribution chain that got the products from Asia to Texas does not insulate AOET from suit in Texas."); *Orbit Irrigation Prod., Inc. v. Melnor,*

5

*Inc.*, No. 1:16-CV-137, 2017 WL 1274043, at *3–4 (D. Utah Apr. 4, 2017) (ruling that the defendant purposefully availed itself of the Utah market because it "continuously and purposefully engaged" Home Depot and Amazon to "serve a nationwide market, including Utah").

Here, as in *Beverly Hills Fan*, the Ecopure Defendants placed the accused products in the stream of commerce through an established distribution channel, Amazon, and could reasonably expect that their products would terminate in Illinois due to Amazon's vast, nationwide reach. The evidence additionally shows that the Ecopure Defendants did, in fact, make sales to Illinois consumers through Amazon. *See* [116-1] ¶ 8 (two hundred and thirty-six sales by Qingdao Ecopure Filter Co.), ¶ 9 (two hundred and twelve sales by Qingdao Maxwell Commercial and Trading Company Ltd.), ¶ 10 (forty-three sales by Qingdao Uniwell Trading).

The Ecopure Defendants emphasize that they do not transact directly with residents in this district and instead use Amazon to interface and ship products to consumers. [132] at 6–7. But under *Beverly Hills Fan*, Plaintiffs need not show direct transactions between the Ecopure Defendants and forum residents. It is enough that the Ecopure Defendants intentionally used Amazon to sell their products and knew— due to Amazon's vast, nationwide reach—that their products could end up in Illinois. *See Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 426 (7th Cir. 2019) (describing Amazon as an online, nationwide retailer); *see also Gen. Nutrition Inv. Co. v. Empire Supplements, Inc.*, No. 21-CV-0067, 2021 WL 1402338, at *4 (W.D. Pa. Mar. 30, 2021) (finding purposeful availment based upon the defendant's "infringing sales on

6

Amazon.com's far-reaching and substantial infrastructure"), *report and recommendation adopted*, No. CV 21-67, 2021 WL 5132777 (W.D. Pa. May 19, 2021); *Telebrands Corp. v. Mopnado*, No. CV21407969JLLJAD, 2016 WL 368166, at *7 (D.N.J. Jan. 12, 2016) (concluding "it is not mere happenstance" for an out-of-state defendant's products to end up in the forum state because the defendant "is intentionally using Amazon's vast, established infrastructure to sell and ship its products to consumers nationwide, and is paying Amazon for the privilege, in the form of commissions and handling fees"), *report and recommendation adopted*, No. CV147969JLLJAD, 2016 WL 355072 (D.N.J. Jan. 28, 2016). Based upon this record, this Court finds that Plaintiffs have made a *prima facie* demonstration of purposeful availment, the first element of the personal jurisdiction analysis.

The second element of jurisdiction—litigation nexus—is satisfied easily here. Plaintiffs' infringement claims relate to the Ecopure Defendants' accused products sold in Illinois.

Under element three of the Federal Circuit's test for personal jurisdiction, this Court's exercise of personal jurisdiction must not offend traditional notions of fair play and substantial justice. *Trimble*, 997 F.3d at 1153. The Supreme Court has identified five factors courts should consider in assessing this element: (1) the burden on the defendant; (2) the forum's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in efficiently resolving controversies; and (5) the shared interest of the States in furthering fundamental substantive social policies. *Id.* (citing

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). This Court concludes that these considerations clearly demonstrate the reasonableness of this Court's assertion of jurisdiction over the Ecopure Defendants. The burden on the Ecopure Defendants is not heavy because modern transportation has "made the defense of a lawsuit in a foreign tribunal less burdensome." *Beverly Hills Fan*, 21 F.3d at 1569 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 293 (1980)). The State of Illinois maintains a strong interest in preventing patent infringement within its borders and discouraging injuries occurring within the State. *Id.* at 1568. Plaintiffs have an interest in obtaining relief in Illinois because the accused product has been sold to Illinois consumers. Illinois also has a substantial interest in cooperating with other states to provide a forum to efficiently litigate Plaintiffs' claims: Plaintiffs "will be able to seek redress" in Illinois "for sales of the accused [product] to consumers in these other states." *Id.*

In conclusion, this Court finds that Plaintiffs have met their burden to establish a *prima facie* case of specific personal jurisdiction, and thus, this Court can properly exercise personal jurisdiction over the Ecopure Defendants. Accordingly, this Court denies their motion to dismiss for lack of personal jurisdiction [66].

## II.  Ecopure Defendants' Motion to Sever and/or Dismiss

The Ecopure Defendants have also moved to sever and/or dismiss under Federal Rule of Civil Procedure 21 and 35 U.S.C. § 299. [110].

Section 299 provides that:

parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, only if—

(1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and

(2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299(a). The statute also emphasizes that "accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit." *Id.* § 299(b).[1]

The Ecopure Defendants claim that Plaintiffs have misjoined them with the other defendants in this case because the Ecopure Defendants do not sell the same accused product as any other defendant and have no relationship to any other defendant. [111] at 9. For their part, Plaintiffs implicitly concede that they misjoined the Ecopure Defendants because they do not claim that the Ecopure Defendants sell the same accused product as other named defendants and they do not oppose severing the Ecopure Defendants from this case. [139] at 2.

Federal Rule of Civil Procedure 21 covers the misjoinder of parties and provides that on motion or on its own, a district court "may at any time, on just terms, add or drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21.

---

[1] An accused infringer can waive section 299's joinder requirements as to itself. 35 U.S.C. § 299(c).

9

Severance and dismissal without prejudice both serve as proper cures for misjoinder of parties. *See UWM Student Ass'n v. Lovell*, 888 F.3d 854, 864 (7th Cir. 2018). On this basis, this Court exercises its discretion to dismiss the Ecopure Defendants from this case without prejudice based upon misjoinder. If Plaintiffs refile their claims against the Ecopure Defendants in this district and move for consolidation, the issue can be addressed at that time, provided Plaintiffs establish a basis for consolidation under Federal Rule of Civil Procedure 42(a). At this point, however, Plaintiffs' request for consolidation, *see* [139] at 2, is premature.

In conclusion, this Court dismisses the Ecopure Defendants from this case without prejudice under Rule 21 due to misjoinder.

## CONCLUSION

For the reasons explained above, this Court denies the Ecopure Defendants' motion to dismiss for lack of personal jurisdiction [66]. This Court grants the Ecopure Defendants' motion to sever and/or dismiss [110]. The Ecopure Defendants (Qingdao Ecopure Filter Co., Ltd. (WaterdropDirect), Qingdao Maxwell Commercial and Trading Company Ltd. (Water Purity Expert), and Qingdao Youniwei Trading Co., Ltd. (Uniwell Filter)) are hereby dismissed without prejudice under Rule 21.

E N T E R:

Dated: December 2, 2021

MARY M. ROWLAND
United States District Judge